```
                United States District Court
                Eastern District of New York
```

SUMMARY ORDER

```
              Rivera v. The City of New York
                    11-cv-04187-NG-MDG
```

Defendant City of New York has moved for a stay of this action [3] pending completion of an investigation by the New York City Police Department Civilian Complaint Review Board ("CCRB"). Notwithstanding the agreement of the parties to a stay, this Court must determine whether defendant has established "good cause" for a stay of this action.  See Fed. R. Civ. P. 26(c).

Motions for a stay in Section 1983 cases are more commonly granted in cases where there are pending related criminal proceedings.  See, e.g., Stamile v. County of Nassau, No. CV 10-2632 (SJF)(AKT), 2011 WL 1754125 (E.D.N.Y. Jan. 31, 2011); Bristol v. Nassau County, No. CV 08-3480, 2010 WL 1660238, at *1 (E.D.N.Y. Apr. 22, 2010); Doe v. City of New York, No. 09 CV 9895, 2010 WL 286643, at *1 (S.D.N.Y. Jan. 28, 2010).  However, a stay is not automatic and will not be granted unless adjudication of a civil claim for damages could have an impact on a criminal conviction.  See McKenna v. Incorporated Village of Northport, 331 Fed.Appx. 804, 805-806, 2009 WL 1505197, 1 (2d Cir. 2009) (affirming denial of stay of a civil action while criminal charges for resisting arrest and drunk driving pending); Kuar v. Mawn, No. 08-CV-4401 (JFB)(ETB), 2011 WL 838911 at *11, n. 14 (E.D.N.Y. Mar. 4, 2011) (finding that excessive force claims would not impact criminal proceedings).

Here, the stay sought is of proceedings of an independent mayoral agency empowered to "receive, investigate, hear, make findings and recommend action upon complaints" of certain police

misconduct. New York City Charter, § 440(c)1. This Court is not persuaded by defendant's generalized claim that discovery in this proceeding would have any impact on the CCRB investigation, let alone disrupt the agency's efforts. On the contrary, information discovered in this action may assist in the conduct of the CCRB investigation. In fact, this Court has supervised discovery in many other Section 1983 actions which were commenced before completion of a CCRB investigation and the parties always have proceeded with discovery before issuance of a final CCRB report.

    This Court recognizes that certain efficiencies result when parties have the opportunity to access the investigative files and reports of the CCRB. However, the discoverable information in this case is not limited to what will be in the agency's investigative file. Given the delay that too frequently occurs in acquiring records from the Police Department, District Attorney's Office, criminal courts, medical providers and other non-parties, a stay of discovery will simply serve to delay procurement of such records. Obtaining such records will assist in earlier identification of the unnamed officers. Once those officers are named and served in this action, they may seek an extension of time to answer if additional time is needed by the City for determination of any representational issues. If those officers are subject to criminal and/or disciplinary charges, they may seek a stay.

    Insofar as defendant is concerned that depositions of individual officers yet to be named as parties will be taken before the Law Department decides whether to provide representation, the parties generally are not in a position to conduct meaningful depositions until all the relevant records are obtained. However, given the plaintiff's apparent willingness to stay this action, this Court will stay depositions of any individual officers until the earlier of two weeks after they formally appear in this action through counsel or March 15, 2012.

## **Conclusion**

    For the foregoing reasons, the motion for a stay of this action until resolution of the CCRB investigation is denied, but depositions of individual officers involved in the incident giving rise to the claims in this action are stayed until the earlier of two weeks after they appear through counsel or March 15, 2012.

    As previously indicated in an electronic order filed on November 30, 2011, the defendant's time to answer or otherwise respond to the complaint is extended to December 22, 2011.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           December 1, 2011

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE